RECEIVED
IN LAKE CHARLES, LA.

OCT 2 2 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:15CR00143-001 |
| VS. | : | JUDGE MINALDI |
| JOHN STEVEN BLOUNT | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court are the Government's and the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The Government, in their objection, moved for a four-level enhancement of the defendant's offense level under 2B1.1(b)(19)(A) because the defendant was acting as an investment advisor at the time of the offense. Probation agreed with the Government's position and revised the PSR accordingly.

The court finds that the Government's objection is well reasoned and the court concurs with this change to the PSR.

The defendant also filed multiple objections. Defendant's objections numbered 1 and 3 have no impact on the guideline computation and do not require a ruling by the court.

In his second objection, Blount objects to ¶30 of the PSR stating that the offense involved 50 or more victims. Blount asserts that it is the Government's burden to prove this. The term "victim" is defined as any person who sustained any part of the actual loss determined under USSG §2B1.1(b)(1). In tabulating loss, Probation counted married couples as one entity. But, in

determining the number of actual victims, each couple was counted as two individuals who sustained loss. This brought the number of actual victims to 67. As noted by Probation, the defendant, in the Stipulated Factual Basis for the Guilty Plea agreed that he had defrauded "no less than 72 investors."

The Presentence Report ("PSR") generally bears sufficient indicia of reliability to be considered as evidence by the court in resolving factual disputes. *U.S. v. Valencia*, 44 F.3d 269 (5th Cir.(La.) Jan 26, 1995)(No. 94-40063); *See United States v. Slaughter*, 238 F.3d 580, 585 (5th Cir.2000) ("For sentencing purposes, the district court may consider any relevant evidence, including uncorroborated hearsay statements, if the information has a 'sufficient indicia of reliability to support its probable accuracy.' "); *U.S. v. Rangel*, 149 Fed.Appx. 254, 257 (C.A.5 (Tex.),2005). It is proper for the district court to rely upon the PSR's construction of evidence to resolve a factual dispute, rather than relying on the defendant's version of the facts. *U.S. v. Montoya-Ortiz*, 7 F.3d 1171 (5th Cir.(Tex.) Nov.12, 1993)(No. 92-8204), citing *U.S. v. Robins*, 978 F.2d 881, 889 (5th Cir. (Tex.) Nov. 20, 1992)(No. 91-1850). Contrary to Blount's assertion, the burden is on *the defendant* to present evidence to refute the facts stated in the PSR. Considering the PSR and the Stipulated Factual Basis for the Guilty Plea, the defendant's objection is OVERRULED.

In his fourth objection, Blount asserts that there has been no proof that more than half of his victims were over the age of sixty (60)[1] and that the victims knew him through his volunteer work. Probation revised ¶12 (now ¶16) to remove the word "many" with regard to the number of investors

---

[1] In ¶32 (now ¶38), the defendant was assessed two points pursuant to USSG §3A1.1(b)(1) because he knew or should have known that his victims were vulnerable. U.S.S.G. § 3A1.1(b)(1) states that "If the defendant knew or should have known that a victim of the offense was a vulnerable victim," the offense level is increased by two.

that knew Blount from his volunteer work.

Objection number four must be read with objection number 5. In objection number 5, Blount argues that the enhancement pursuant to USSG §3A1.1(b)(2) should not be applied because an enhancement pursuant to §2B1.1(b)(2)(B) was applied. Probation concurred and removed the §3A1.1(b)(2) enhancement.[2] Therefore, this objection is MOOT.

The defendant's sixth and final objection argues that Blount did not take investors' money and he did not fail to do what he told them he would do. The defendant objects to the enhancement in ¶36. He argues that he was simply acting as an employee of New York Life, which, he alleges, is basically an unscrupulous company.

This enhancement is appropriate if the offense involved a violation of any prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines. USSG §2B1.1(b)(9)(c). While Blount asserts that he was aware of the order, the order was directed against New York Life and he did not control this entity, therefore the enhancement was erroneously applied.

Probation submits that on December 23, 2003, the National Association of Securities Dealers ("NASD") Office of Hearing Officers issued an Order Accepting Offer of Settlement in which John Steven Blount was specifically named as a Registered Investment Company and Variable Contacts Products Representative. This Order stated that all parties agreed to the uncontested offer, by which Blount was barred from association with any NASD member in any capacity. Blount was aware of this barring. He was ordered not to act as a securities broker, yet, as part of the instant offense, he

---

[2] Probation submitted that if the court granted Blount's second objection, the §3A1.1(b)(2) should apply, but the court overruled that objection.

falsely and fraudulently represented himself as a financial advisor and informed investors that they would be able to obtain high rates of return by investing with him in what ultimately turned out to be fictitious entities.

The court agrees with Probation that Blount's conduct was in direct violation of the Order issued by NASD and this enhancement is properly applied. The defendant's objection is OVERRULED.

Considering the rulings herein above, the revised PSR shall remain unchanged.

Lake Charles, Louisiana, this 22 day of October, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE