UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:15-CR-00143-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN STEVEN BLOUNT (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are a Motion to Vacate under 28 U.S.C. § 2255 [doc. 56] and a Motion for Compassionate Release [doc. 60] filed by defendant John Steven Blount. The government opposes both motions. Docs. 59, 65.

### I.
### BACKGROUND

Mr. Blount was charged in this court by bill of information with one count of wire fraud, a violation of 18 U.S.C. § 1343. Doc. 1. The charge related to Mr. Blount's operation of a Ponzi scheme from 2007 to 2014. *See* doc. 34, p. 1. He was convicted pursuant to a plea agreement and sentenced on October 22, 2015, to a 235-month term of imprisonment with restitution of $4,313,173.22. Docs. 8, 19. Mr. Blount filed a motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel based on an error in the calculation of his offense level and the resulting Guidelines range. Doc. 26. The court granted relief and resentenced him on July 12, 2017, to a term of 188 months (the maximum under his corrected range) with the same restitution order. Docs. 34, 43. The Fifth Circuit upheld the sentence on appeal, by judgment dated October 18, 2018. Doc. 55.

Mr. Blount next filed a second motion to vacate under 28 U.S.C. § 2255 on October 16, 2019, alleging ineffective assistance of counsel at his resentencing. Doc. 56. The government opposed the motion. Doc. 59. Mr. Blount then filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Doc. 60. There he moved for early release based on the COVID-19 pandemic and his concerns about contracting the virus. *Id.* The case was transferred to the undersigned, who did not participate in any of Mr. Blount's criminal or post-conviction proceedings up to that point. Doc. 64. The government filed an opposition to Mr. Blount's motion for release, arguing that he has not exhausted his administrative remedies. Doc. 65. Accordingly, both motions are now ripe for review.

## II.
## LAW & APPLICATION

### A. Motion to Vacate

#### 1. 28 U.S.C. § 2255

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). A federal prisoner has limited grounds for collateral review under 28 U.S.C. § 2255, generally based on errors of constitutional or jurisdictional magnitude that could not have been raised on appeal. *See* 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Claims of ineffective assistance of counsel, however, may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Challenges under § 2255 are subject to a one-year statute of limitations, running in this case from the date on which the challenged judgment became final. 28 U.S.C. § 2255(f). Ordinarily, a defendant may only file a second or successive § 2255 motion in limited circumstances. Where a defendant is resentenced after his first § 2255 motion, however, a subsequent motion challenging the new judgment is not considered successive. *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010). Accordingly, Mr. Blount's § 2255 motion is timely and properly before the court.

## 2. *Ineffective assistance of counsel*

Mr. Blount's motion is premised on alleged violations of his right to effective assistance of counsel at his resentencing. Such claims are evaluated under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To this end, the defendant must show that his representation fell below an objective standard of reasonableness and that he suffered prejudice as a result. The court may dispose of an ineffective assistance claim based on the defendant's failure to meet either prong of this test. *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

For the deficiency prong, counsel's performance is accorded "a heavy measure of deference." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (internal quotations omitted). Accordingly, the court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Under the prejudice prong, the defendant must show a reasonable probability that the outcome of his proceeding would have been different. *Id.* at 694. In the

federal sentencing context, this means that he must show a reasonable probability that he received additional jail time because of counsel's errors. *United States v. Conley*, 349 F.3d 837, 841–42 (5th Cir. 2003).

### 3. Application

Mr. Blount argues that counsel rendered ineffective assistance at his resentencing by failing to (1) dispute the calculation of loss submitted by the government, (2) object to a restitution order where the victims suffered no actual loss, (3) object to an enhancement based on the number of victims, and (4) object to an enhancement based on the involvement of vulnerable victims. Doc. 56. The government maintains that he cannot satisfy either of *Strickland*'s prongs with these allegations. Doc. 59.

#### a. Loss calculation

The sentencing guideline range in this case depends in part upon the amount of financial loss to the victims. U.S.S.G. § 2B1.1. Mr. Blount argues that counsel rendered ineffective assistance by failing to properly contest the government's calculation of loss, and cites reimbursements made by the victims' banks. Doc. 56, pp. 5– 7.

Mr. Blount is confusing loss with restitution, as the court has already made clear. His counsel raised this argument in an objection to the presentencing investigation report, claiming that the actual loss figure should be reduced based on the civil settlement with the banks. Doc. 54, att. 1, p. 32. The court overruled this objection at sentencing. Doc. 51, pp. 3–5. As the prosecutor noted, "loss" as calculated for sentencing purposes can only be reduced by money returned to the victim by the defendant or others acting jointly with him before the offense is detected. U.S.S.G. § 2B1.1, app. n. 3(E). Even if counsel failed to

frame these arguments exactly as Mr. Blount desired, he can show no deficient performance or prejudice based on this dispute.

### b. *Restitution*

Mr. Blount next argues that counsel erred in failing to object to a restitution order "where the victim suffered no actual loss." He maintains that the restitution order should not "function as windfall for the non-existent victim(s)." Doc. 56, p. 7. He fails to identify a single victim, however, who suffered no loss or received any such windfall. Accordingly, he cannot satisfy either of *Strickland*'s prongs based on this claim.

### c. *Number of victims*

Mr. Blount also argues that counsel was ineffective for failing to challenge the number of victims. As the government notes, however, counsel did raise this objection at sentencing. Doc. 51, p. 5. The court overruled it, observing that the parties had already stipulated to the number of victims. *Id.* It also rejected Mr. Blount's argument, renewed here in his § 2255 motion, that married couples should count as a single victim rather than two victims for the purpose of financial crimes. *Id.* This view has recently been affirmed by the Second and Seventh Circuit Courts of Appeal. *United States v. Harris*, 718 F.3d 698, 703 (7th Cir. 2013); *United States v. Ryan*, 806 F.3d 691, 694 (2d Cir. 2014). There is no basis for finding ineffective assistance under this argument.

### d. *Vulnerable victim enhancement*

Finally, Mr. Blount contends that counsel should have objected to a two-level enhancement applied under U.S.S.G. § 3A1.1(b)(1). This provision applies if the defendant knew or should have known that a victim of the offense was a "vulnerable victim." A

vulnerable victim includes a person "who is unusually vulnerable due to age, physical or mental condition, or who is particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt. 2. Counsel did not raise this objection in her responses to the presentence investigation report or at trial.

The presentence report notes that more than half of Mr. Blount's victims were over the age of 60 "and were not sophisticated, in that they had little or no knowledge about investment details nor had significant investment experience." Doc. 54, att. 1, p. 13. Mr. Blount does not dispute this finding but instead argues that the enhancement is not applicable because there is no evidence that he intentionally preyed upon such individuals. To this end he cites commentary to an earlier version of the Guidelines comment, which made the enhancement applicable "to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." Doc. 56, p. 9. He argues that his victims spanned multiple generations and that the majority "sought out Blount and his investment strategies." *Id.* at 11. Finally, he notes that "[u]nfortunately most of the investors were friends of Blount." *Id.*

Despite the amendment, some courts continue to argue that the enhancement "was meant to apply whenever a defendant selected his victim to take advantage of that victim's perceived susceptibility to the offense." *E.g.*, *United States v. Bradley*, 644 F.3d 1213, 1287–88 (11th Cir. 2011). Even if targeting is required, however, there is sufficient evidence in that regard to render an objection meritless. At the first sentencing, two of the victims – both of whom were parents of disabled children – testified that Mr. Blount contacted them through Buddy Ball, a program for disabled children, and solicited their

investment into his Ponzi scheme on the pretense of increasing their savings to provide for their children's additional needs. Doc. 20, pp. 16–22. The court also remarked at his resentencing that, "for virtually 10 years [Mr. Blount] was out there getting this money, substantially from elderly people, unsophisticated elderly people who didn't have other means or other understanding about investments and securities." Doc. 51, p. 29. Mr. Blount puts forth nothing to refute these findings. The fact that he preyed upon alleged friends also does him no more credit in showing that he did not target people based on certain vulnerabilities, such as financial need or lack of sophistication, already known to him. Accordingly, he shows no error in counsel's failure to pursue the issue and the motion to vacate will be denied.

### B. Request for Compassionate Release under CARES Act

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP

before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020). The defendant bears the burden of demonstrating compliance with this requirement. *See, e.g.*, *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

Mr. Blount maintains that he "thoroughly exhausted all his administrative remedies, including a denial of being released on April 29, 2020." Doc. 60, p. 1. He also asserts that the warden "stated via email to Mr. Blount's representative, Richard Huffman, that Mr. Blount did not meet BOP's current criteria to be released." *Id.* The government responds, however, that Mr. Blount only made a request for release to home confinement through the BOP and has not made any administrative request for compassionate release. Doc. 65.

A request for home confinement cannot be held to exhaust a request for compassionate release, since the two forms of relief are analyzed under different criteria and subject to different review processes within the BOP. *See* 18 U.S.C. § 3624(c) (home confinement provisions); *see also* Pub. L. 116-136, § 12003(b)(2) (CARES Act provision extending home confinement). Additionally, as other courts in this district have held, the COVID-19 situation does not create an exception to the statutory exhaustion requirements. *E.g.*, *United States v. Wright*, 2020 WL 1976828, at *3 (W.D. La. Apr. 24, 2020). Accordingly, the request for compassionate release is unexhausted and the court is without jurisdiction to consider it.

Furthermore, to the extent Mr. Blount is seeking home confinement rather than early release through his motion, the court is without authority to consider his request. . The Director of the Bureau of Prisons may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial review. *See* 18 U.S.C. § 3621(b). Accordingly, as several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). This request is therefore denied.

### III.
#### CONCLUSION

The Motion to Vacate [doc. 56] and Motion for Compassionate Release [doc. 60] are **DENIED**, without prejudice to Mr. Blount's right to renew his request for compassionate release (but not home confinement) upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 1st day of June, 2020.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**