## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

UNITED STATES OF AMERICA        CASE NO.  2:15-CR-00143-01

VERSUS        JUDGE JAMES D. CAIN, JR.

JOHN STEVEN BLOUNT (01)        MAGISTRATE JUDGE KAY

### <u>MEMORANDUM ORDER</u>

Before the court are a "Supplemental Motion for Compassionate Release" by defendant John Steven Blount and an exhibit in support thereof. Docs. 67, 68. The filings were received two days after the court denied Mr. Blount's original Motion for Compassionate Release [doc. 60] based on his failure to demonstrate compliance with the First Step Act's exhaustion requirements. Doc. 66. Accordingly, the court construes the new filings as a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). This rule "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and should not be used "for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (cleaned up).

Mr. Blount raises several issues, including his low-risk status as a non-violent offender and his desire to serve as a caregiver to his elderly father. He fails to show, however, that he properly exhausted any request for compassionate release. Such exhaustion is a mandatory prerequisite to relief. *United States v. Koons*, 2020 WL 1940570

(W.D. La. Apr. 21, 2020). The defendant bears the burden of demonstrating compliance. *See United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Additionally, as the court already noted, a request for home confinement cannot be held to exhaust a request for compassionate release. Doc. 66, pp. 8–9. Finally, the court is without authority to order home confinement. *See United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). Accordingly, Mr. Blount does not demonstrate any error requiring the court to revisit its ruling under Rule 59(e). The "Supplemental Motion" [doc. 67] is therefore **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of June, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**